IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LATONYA GREEN,

        Plaintiff,

v.

CAROLYN COLVIN,

        Defendant.

CIVIL ACTION
NO. 14-6328

**OPINION**

**Slomsky, J.**                                                                                October 31, 2016

## I.    INTRODUCTION

Before the Court are the Objections of Plaintiff Latonya Green to the Report and Recommendation of United States Magistrate Judge Marilyn Heffley. (Doc. No. 17.) Plaintiff had filed a Complaint against Defendant Carolyn W. Colvin, Commissioner of the Social Security Administration, seeking review of her final decision on Plaintiff's claims for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433 (the "Act") and for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383c. (Doc. No. 3.) The Court referred the matter to Magistrate Judge Heffley for a Report and Recommendation ("R&R"). (Doc. No. 16.) On March 30, 2016, Magistrate Judge Heffley filed the R&R, recommending that Plaintiff's request for review be denied. (Doc. No. 17.) On April 12, 2016, Plaintiff filed Objections to the R&R. (Doc. No. 18.) On April 21, 2016, Defendant filed a Response to Plaintiff's Objections. (Doc. No. 20.)

Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a <u>de novo</u> review of the portions of the R&R to which objections have been made. After independently reviewing the

Administrative Record (the "Record") and for reasons that follow, the Court finds that Plaintiff's Objections lack merit and will adopt and approve the Report and Recommendation in its entirety.

## II. BACKGROUND

### A. Factual and Procedural History

Plaintiff Latonya Green was born on August 24, 1964 and was forty-five years old on the date her alleged disability began. (Administrative Record ("R.") at 242.) Plaintiff has a twelfth-grade education and is able to read and write in English. (R. at 215.) Plaintiff previously worked as an electronics assembler, a caregiver, a server, a telemarketer, and a packer. (R. at 16-17.)

On May 9, 2011, Plaintiff applied for DIB, alleging a disability beginning on March 24, 2010. (R. at 84.) Shortly thereafter, on May 17, 2011, she applied for SSI for the same disability. (R. at 84-85.) Plaintiff alleges that she became unable to work due to depression, anxiety, insomnia, suicidal thoughts, and pain in her shoulder, neck and back. (R. at 214.) Her claim was denied, and she requested a hearing. (R. 97-106, 108.) An administrative hearing was held on February 15, 2013 before Administrative Law Judge Patrick S. Cutter (the "ALJ"). (R. at 31.) At the hearing, Plaintiff and an impartial vocational expert ("VE") testified. (R. at 13.) Plaintiff was represented by counsel. (R. at 7.)

Plaintiff testified at the hearing that she had spent approximately three years living off benefits such as Food Assistance and Section 8 Housing. (R. at 38.) She alleges that she is unable to work due to pain in her shoulder, wrist, neck, and back. (R. at 38-41.) She testified that in 2004, she shattered her shoulder during a domestic dispute and has suffered from pain and stiffness ever since. (R. at 38-39.) In addition, Plaintiff alleges that she is unable to work due to her depression and anxiety, which have included suicidal thoughts. (R. at 41-47.) She explained that she becomes paranoid and believes that others with whom she interacts at work are "trying to do something to" her. (R. at 41.) As a result of her physical and mental ailments, Plaintiff

testified that she has held only temporary or short-term employment because she was unable to perform her duties as expected by her employers. (R. at 47.)

The VE testified that Plaintiff's past work was classified as "light" and, at times, "medium" work. (R. at 49.) The VE explained that given Plaintiff's profile, any work that she could do should be performed either sitting or standing, and should not involve climbing ladders, ropes, or scaffolding. (R. at 50.) Given Plaintiff's anxiety when interacting with others, the VE suggested positions that included little interpersonal interaction. (R. at 50-51.) The VE explained that Plaintiff could perform "unskilled" work, which is defined as "work that requires little or no judgment to do simple duties that can be learned on the job in 30 days or less with little vocational preparation." (R. at 50.) Assuming Plaintiff could perform light work, the VE testified that Green could sustain a job as a bakery worker, or a conveyer line worker. (R. at 52.) Assuming that Plaintiff could perform sedentary work, the VE explained that she could fulfill the duties of a parking lot cashier, where she would have little interaction with others. (R. at 52.)

In addition to the testimony given by Plaintiff and the VE, the ALJ considered the opinions of Robert Schultz, M.D., Philip Taylor, M.D., and Robert Justice, a Doctor of Psychology ("Psy.D."), among other medical evidence. The ALJ also considered the opinion of James Harvin, Plaintiff's brother. (R. at 22.) On April 8, 2013, the ALJ issued a decision unfavorable to Plaintiff, finding that she was not disabled and could perform available work. (R. at 10-25.) The ALJ made the following findings:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2013.

2. [Plaintiff] has not engaged in substantial gainful activity since March 24, 2010, the amended alleged onset date (20 C.F.R. 404.1571 et seq., and 416.971 et seq.).

3. [Plaintiff] has the following severe impairments: right shoulder degenerative joint disease, left wrist ganglion cyst, carpal tunnel syndrome (bilaterally), left knee

   degenerative joint disease/patellar tendinitis, obesity, depression, generalized anxiety disorder, [post-traumatic stress disorder] PTSD, schizoaffective disorder (bipolar type), mixed personality disorder, impulse control disorder, reading disorder, and mathematics disorder (20 C.F.R. 404.1520(c) and 416.920(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, [the ALJ found] that [Plaintiff] has the residual functional capacity to perform a range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) subject to the following limitations: [Plaintiff] should perform work that can be done either sitting or standing. There is a need to never climb ladders, ropes, or scaffolds. [Plaintiff] should only occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl. There is a need to only occasionally reach overhead with both arms. There is a need to only frequently perform gross manipulation bilaterally. [Plaintiff] should perform unskilled work (defined as work that requires little or no judgment to be simple duties that can be learned on the job in thirty days or less with little vocational preparation). There is a moderate limitation (defined as more than slight limitation but the function can still be performed on a consistent enough basis to be satisfactory to the employer) in the ability to understand, remember, and carry out detailed instructions, maintain attention or concentration, interact appropriately with the public, supervisors, or coworkers, respond appropriately to changes in the work setting, and respond appropriately to work pressures in the usual work setting.

6. [Plaintiff] is unable to perform any past relevant work (20 C.F.R. 404.1565 and 416.965).

7. [Plaintiff] was born on August 24, 1964 and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 C.F.R. 404.1563 and 416.963).

8. [Plaintiff] has at least a high school education and is able to communicate in English (20 C.F.R. 404.1564 and 416.964).

9. Transferability of job skills is material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is "not disabled," whether or not [Plaintiff] has transferrable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy

- that [Plaintiff] can perform (20 C.F.R. 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from March 24, 2010, through the date of this decision (20 C.F.R.404.1520(g) and 416.920(g)).

(R. at 15-24.)

On October 9, 2014, the Appeals Council denied Green's request for review. (R. at 1-5.) On November 6, 2014, Plaintiff filed the Complaint in this Court, seeking judicial review of the adverse decision of the ALJ. (Doc. No. 3.) The Court referred this matter to Magistrate Judge Heffley for an R&R. (Doc. No. 16.) On March 30, 2016, Magistrate Judge Heffley recommended that Plaintiff's request for review be denied. (Doc. No. 17.)

On April 12, 2016, Plaintiff filed timely Objections to the R&R. (Doc. No. 18.) Plaintiff raises the same Objections as those raised in the administrative appeal from the ALJ's decision. (Id.) Specifically, Plaintiff objects to Magistrate Judge Heffley's findings that: (1) the ALJ adequately explained his finding that she did not meet or equal any of the mental disorder listings; (2) the ALJ did not err in his evaluation of the medical evidence; (3) the ALJ did not err in his evaluation of lay evidence (i.e., Green's credibility and her brother's testimony); and (4) the ALJ's hypothetical question to the vocational expert ("VE") adequately described Green's residual functional capacity ("RFC"). (Id.) The Objections are now ripe for a decision.

B.     **Relevant Social Security Administration Regulations**

To prove a "disability," a claimant must demonstrate "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). The claimant has the burden of proving the existence of a disability and can satisfy this burden by showing an inability to return

to former work. Rossi v. Califano, 602 F.2d 55, 57 (3d Cir. 1979). If she does so, the burden shifts to the Commissioner to show that, given the claimant's age, education, and work experience, she is able to perform specific jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.920(f).

When evaluating a disability, the Social Security Administration uses a five-step process, which is followed in a set order:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

Id. § 404.1520(a)(4)(i)–(v).

### III. STANDARD OF REVIEW

When reviewing a final decision of the Commissioner of Social Security, the Court must determine whether the record demonstrates substantial evidence to support the Commissioner's decision. 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla . . . [and includes] such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion." Cherry v. Barnhart, 29 F. App'x 898, 901 (3d Cir. 2002) (quoting Richardson v. Perales, 402 U.S. 389, 407 (1971)). The Commissioner's findings of fact, as long as they are supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g).

Because the Commissioner adopts an ALJ's decision as his findings of fact, the ALJ must set out a specific factual basis for each finding. Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974); see also 42 U.S.C. § 405(b)(1). An ALJ must consider, evaluate, and refer to specific medical evidence in the record in his decision. See Reefer v. Barnhart, 326 F.3d 376, 381-82 (3d Cir. 2003). Based on this evidence, an ALJ determines whether a claimant proved a "disability," and the Commissioner adopts this decision as his finding of fact. Even if the record offers evidence that undermines the ALJ's conclusion, the Court will not overrule the decision of the ALJ unless the ALJ's finding is not supported by substantial evidence. Simmonds v. Heckler, 807 F.2d 54, 58 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate," not "a mere scintilla." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 118 (3d Cir. 2000) (citing Plummer v. Apfel, 186 F.3d 422, 427 (3d. Cir. 1999)).

## IV. DISCUSSION

Plaintiff has made four objections to the Magistrate Judge's Report and Recommendation ("R&R"), which recommends that the Court affirm the ALJ's decision to deny Plaintiff's claim for DIB and SSI under Titles II and XVI of the Social Security Act. (Doc. No. 18.) First, Plaintiff objects to the Magistrate Judge's finding that the ALJ adequately explained his finding that Plaintiff did not meet or equal the listing of impairments. (Id. at 1.) Second, Plaintiff objects to the Magistrate Judge's adoption of the ALJ's evaluation of the medical evidence. (Id. at 2.) Third, Plaintiff objects to the ALJ's mischaracterization of her argument regarding lay evidence and contends that the ALJ failed to identify any evidence that contradicts Plaintiff's

subjective claims. (Id. at 4.) Fourth, Plaintiff objects to the Magistrate Judge's finding that the ALJ's hypothetical question to the vocational expert was proper. (Id. at 6.) The Court will discuss each Objection seriatim.[1]

### A. The Magistrate Judge Properly Concluded that the ALJ Adequately Explained His Finding that Plaintiff Did Not Meet or Equal Any of the Mental Disorder Listings

Plaintiff does not meet or equal any of the mental disorder listings. Considering the aforementioned five-step sequential evaluation process used to determine if a claimant has a qualifying disability, the ALJ determined that Plaintiff did not meet the Listing of Impairments criteria for Listing 12.02 (organic mental disorders), Listing 12.03 (schizophrenic, paranoid, and other psychotic disorders), Listing 12.04 (affective disorders), Listing 12.06 (anxiety-related disorders), or Listing 12.08 (personality disorders), and therefore found Plaintiff was not disabled within the meaning of the Act. (R. at 16-18.)

Plaintiff's first Objection is to the Magistrate Judge's finding that "the ALJ adequately explained his finding that [Plaintiff] did not meet or equal any of the mental disorders listings." (Doc. No. 17 at 5.) To meet the requirements of the Listings, Plaintiff must satisfy two of three criteria—A, B, or C. (Doc. No. 17 at 5 (citing 20 C.F.R. § 404, subpt. P, app. 1 § 12.00).) The ALJ found that Plaintiff satisfied the A criteria (R. at 15), and Plaintiff does not argue that she has satisfied the C criteria (see Doc. No. 13, 2-8). Only the B criteria was at issue here. (Doc. Nos. 17 at 5-6; 18 at 1.) As the Magistrate Judge explained, the B criteria for the alleged mental

---

[1] In her Response to Plaintiff's Objections, Defendant notes that Plaintiff's objections "essentially argue[ ] that the Magistrate Judge erred in not accepting the arguments made in [Plaintiff's] initial and reply briefs." (Doc. No. 20 at 1.) Defendant states that "[b]ecause the issues raised by Plaintiff in her objections have already been fully presented in this case, the Commissioner relies upon Magistrate Judge Heffley's well-reasoned R&R, as well as . . . the Commissioner's initial brief. . . " in addition to addressing Plaintiff's objections of step three and step five findings. (Id.)

disorder Listings raised in this case—12.02-04, 12.06, and 12.08—are identical, and required a finding of at least two of the following items:

    (1) Marked restriction of activities of daily living; or

    (2) Marked difficulties in maintaining social functioning; or

    (3) Marked difficulties in maintaining concentration, persistence, or pace; or

    (4) Repeated episodes of decompensation, each of extended duration.[2]

(Doc. No. 17 at 5-6 (citing 20 C.F.R. § 404, subpt. P, app. 1 §§ 12.02-04, 12.06, 12.08).) The Magistrate Judge confirmed the ALJ's findings that Plaintiff did not meet any two of the B criteria requirements. (Id. at 6.)

The ALJ found that Plaintiff did not meet any of the B criteria. (R. at 17-18.) But the Magistrate Judge noted that the evidence may support a finding for Plaintiff on the second B criterion—Plaintiff's level of social functioning. (Doc. No. 17 at 9, n.3.) Since the ALJ and Magistrate Judge found that Plaintiff did not meet any of the other B criteria, the requirement of meeting two criteria was not met in this case. The Magistrate Judge therefore upheld the decision of the ALJ that Plaintiff does not meet or equal any of the mental disorder listings. (Id. at 12.)

Plaintiff takes issue that the Magistrate Judge found it unnecessary to make an official finding on the second item under the B criterion, which is marked difficulty in maintaining social functioning. (Doc. No. 18 at 1.) The Magistrate Judge was correct to find, however, that it was not necessary to resolve whether the ALJ's decision as to the second B item was supported by substantial evidence because Plaintiff could not satisfy any of the other B criteria, and the law

---

[2] While Plaintiff did object to the ALJ's finding of no experienced repeated episodes of decompensation, each of extended duration to the Magistrate Judge, she presented no evidence on appeal and did not raise it in her objections to the R&R. (See Doc. Nos. 17 at 12; 18.)

9

requires at least two criteria be met. (Doc. No. 17 at 5-6 (citing 20 C.F.R. § 404, subpt. P, app. 1 §§ 12.02-04, 12.06, 12.08).)

Moreover, Plaintiff unconvincingly argues that "[i]f the ALJ had correctly assessed the severity of Plaintiff's impairment of social functioning, he might also have recognized a greater impairment of concentration, persistence, or pace." (Doc. No. 18 at 2.) But, under the deferential substantial evidence standard of review, a court cannot "impose [its] own factual determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011). Therefore, so long as a court finds that substantial evidence[3] supports the ALJ's decision, it must affirm the Commissioner's final decision, even if the court would have "decided the factual inquiry differently." Gaddis v. Comm'r of Soc. Sec., 417 F. App'x 106, 107 n.3 (3d Cir. 2011). In this case, the Magistrate Judge found that the ALJ's decision was supported by substantial evidence and for this reason, the Magistrate Judge's decision on the B criteria was correct.

This Court agrees with the Magistrate Judge that the ALJ's finding against Plaintiff on the first and third B criteria were adequate, and since Plaintiff presented no evidence as to the fourth item, she could not meet or equal the required two criteria of the mental disorder listings noted. (See Doc. No. 17 at 12.) Therefore, Plaintiff's objection is without merit and the Court agrees with Magistrate Judge Heffley's finding adopting the ALJ's decision.

### B. The Magistrate Judge Properly Concluded that the ALJ Properly Evaluated the Medical Opinion Evidence Presented

Plaintiff objects to the ALJ's determination on medical opinion evidence of Dr. Robert G. Shultz, M.D., Dr. Philip Taylor, Ph.D., and Dr. Robert Justice, Psy.D.

---

[3] "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate.'" Gaddis v. Comm'r of Soc. Sec., 417 F. App'x. 107, 107 n.3 (3d Cir. 2011) (citing Plummer, 186 F.3d at 427).

### i. Dr. Robert G. Shultz, M.D.

Dr. Shultz performed a one-time consultative examination of Plaintiff on August 2, 2011. (R. at 379-85.) Plaintiff objects to the Magistrate Judge's confirmation of the ALJ's findings and the conclusion that "Dr. Schultz did not base his opinion regarding [Plaintiff's] ability to stand or walk on any musculoskeletal limitation, but solely on what he described as 'chronic fatigue'" (Doc. No. 17 at 16 (citing R. at 379).) Plaintiff does not challenge the ALJ's underlying credibility finding in the Objections. Rather, she argues that Dr. Schultz's medical opinion cannot be discredited because he "did not merely listen to Plaintiff's subjective complaints, he examined her." (Doc. No. 18 at 2.)

The Magistrate Judge correctly found that Dr. Schultz's opinion was "undermined" because "the ALJ had properly determined that Green's claims regarding her physical and psychological condition were not entirely credible." (Doc. No. 17 at 16.) An ALJ may decide not to credit a treating physician's opinion when it is contradicted by other competent medical evidence of record. Plummer, 186 F.3d at 429.

> "[T]he mere memorialization of a claimant's subjective statements in a medical report does not elevate those statements to a medical opinion. An ALJ may discredit a physician's opinion on disability that was premised largely on the claimant's own accounts of her symptoms and limitations when the claimant's complaints are properly discounted."

Morrison v. Barnhart, 78 F. App'x. 820, 824-25 (3d Cir. 2003) (citation omitted). The ALJ gave Dr. Shultz's opinion limited weight because "it [was] not consistent with the evidence of record . . . [and] greatly relied upon the claimant's subjective complaint . . . ." R. at 22. The Magistrate Judge correctly concluded:

> Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, see, e.g., 20 C.F.R. § 404.1527(d)(1)-(2), "the law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity . . . ."

(Doc. No. 17 at 18 (citing Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011).)

After careful review of the record, this Court agrees. The ALJ gave good reasons for giving limited weight to Dr. Schultz's medical opinion, and the Magistrate Judge properly found the ALJ's decision was supported by substantial evidence. (See Doc. No. 17 at 18.)

    **ii.    Dr. Philip Taylor, Ph.D.**

Dr. Taylor is a consultant who conducted a one-time examination of Plaintiff and determined that Plaintiff had a below average short-term memory and poor past memory. (Doc. No. 17 at 18 (citing R. at 392-93).) Plaintiff argues that the Magistrate Judge "impl[ied] that whenever an ALJ chooses to give more weight to the opinions of . . . a consultant than to those of a treating or examining physician, that choice is essentially immune from scrutiny." (Doc. No. 18 at 3.) Plaintiff's argument is not persuasive and this Court disagrees with her interpretation of controlling precedent.[4]

The ALJ has the responsibility to "resolve conflicts in the evidence and to determine credibility and the relative weights to be given to the evidence." Dougherty v. Barnhart, No. 05-5383, 2006 WL 2433792, at *7 (E.D. Pa. Aug. 21, 2006) (citing Plummer, 422 F.3d at 429;

---

[4]  Plaintiff cites to Morales v. Apfel, 225 F.3d 310 (3d Cir. 2000) as controlling case law without further analysis or argument. (Doc. No. 18 at 2-4.) Morales does not support Plaintiff's argument regarding medical opinion testimony of Dr. Shultz, Dr. Taylor, or Dr. Justice. In Morales, the Third Circuit found that the ALJ's refusal to credit one of the plaintiff's treating physicians was erroneous because the ALJ's refusal to credit the physician was not based on objective medical evidence. Morales, 225 F.3d at 318. The Third Circuit found the ALJ's rejection was simply because the ALJ did not believe the treating physicians testimony at the hearing. Id. Here, the ALJ's decision to give limited weight to both Dr. Shultz and Dr. Taylor was not "based solely on amorphous impressions, gleaned from the record and from his evaluation of the claimant's credibility." Id. Rather, the ALJ in this case based his decision on the record and on the reliance of the doctors on Plaintiff's subjective complaints. (R. at 22.) Further, the ALJ gave significant weight to Dr. Justice because his results were consistent with the cognitive tests, treating source records, and the clinical examination findings, and not based on any amorphous impressions. (Id.)

Mason v. Shalala, 994 F.3d 1058, 1066 (3d Cir. 1993)). The Magistrate Judge was correct in finding that the ALJ's credibility determination is entitled to great deference and should not be discarded lightly, given his opportunity to observe an individual's demeanor. (Doc. No. 17 at 24.) (citing Dougherty, 2006 WL 2433792, at *7).) Applying these standards, the Magistrate Judge thoroughly explained her rational and adoption of the ALJ's decision regarding Dr. Philip Taylor and the ALJ's credibility findings, and this Court agrees with the Magistrate Judge's determination. (See Doc. No. 17 at 18-25.)

The Magistrate Judge correctly applied the deferential standard when reviewing the credibility findings of the ALJ. While there are some cases that warrant reversal based on the ALJ's failure to develop a record or the ALJ's personal amorphous impressions of medical opinions, this case is not comparable. See e.g., Reefer v. Barnhart, 326 F.3d 376, 379-80 (3d Cir. 2003); Morales, 225 F.3d at 318. This Court adopts the Magistrate Judge's decision finding the ALJ's decision to give limited weight to Dr. Taylor was supported by substantial evidence in the record and thus is entitled to judicial deference. Plummer, 186 F.3d at 427.

    **iii.**    **Dr. Robert Justice, Psy.D.**

Dr. Robert Justice was a consulting examiner who found that Plaintiff functioned at an average intellectual level, including consideration of her memory and functional skills, and opined that he believed Plaintiff to be capable of employment. (Doc. No. 17 at 20; R. at 537-39, 545.) Without argument or discussion, Plaintiff objects to the absence of any discussion in the R&R of the "ALJ's rejection of aspects of Dr. Justice's report." (Doc. No . 18 at 4.) Plaintiff seemingly objects to the ALJ giving limited weight to Dr. Justice's opinion that Plaintiff has greater limitations than the ALJ found in Plaintiff's residual functional capacity. (R. at 22.)

The Third Circuit has stated that an ALJ is not expected to discuss or make reference to every piece of relevant evidence included in the record so long as he or she considers and evaluates the medical evidence in the record.  See Fargnoli v. Halter, 247 F.3d 34, 42 (3d Cir. 2001); Soto, 2005 WL 1367183, at *2.  The record clearly reflects that the ALJ considered Dr. Justice's report and used it in his findings.  (R. at 22.) See also Moraes v. Comm'r Soc. Sec., 645 F. App'x. 182, 186 (3d Cir. 2016) (citing Fargnoli, 247 F.3d at 42).

Furthermore, Plaintiff's objection is without merit because the ALJ explained that he has given certain aspects of Dr. Justice's opinion limited weight due to Dr. Justice's great reliance upon Plaintiff's subjective complaints, supplemented with the extensive discussion on Plaintiff's credibility.  (R. at 20-22.)  Accordingly, the Court finds this objection to be without merit.

### C. The Magistrate Judge Properly Concluded that the ALJ Evaluated the Lay Evidence in a Sufficient Manner

Plaintiff's next Objection to the R&R is that Magistrate Judge Heffley erred in concluding that the ALJ adequately evaluated the lay evidence. (Doc. No. 18 at 4.)  Plaintiff raises two arguments in support of her claim that the ALJ's evaluation of the lay evidence was inadequate: (1) the ALJ did not properly identify evidence that contradicted Plaintiff's subjective claims, and (2) the ALJ erred in giving only limited weight to the Adult Function Report submitted by Plaintiff's brother, James Harvin.  (Id. at 4-6.)  Plaintiff contends that because the R&R adopts the ALJ's decision without sufficient explanation of these alleged errors, she must object to this Court's adoption of the R&R.  This Court, however, finds both arguments unavailing.

### i. The Magistrate Judge Correctly Explained that the ALJ's Decision Regarding Plaintiff's Credibility Was Accurate

Plaintiff objected to the ALJ's decision on the ground that the ALJ erred in finding that her testimony was not credible. After the R&R was published, Plaintiff again objects to the Magistrate Judge's approval of the ALJ's decision on her credibility. (Doc. No. 18 at 4.) Specifically, Plaintiff argues that the ALJ failed to identify any evidence that contradicts Plaintiff's claims. (Id. at 4.) Plaintiff relies on 20 C.F.R. § 416.929(c)(2)[5] and argues that evidence proffered by the ALJ and relied upon by the Magistrate Judge are not contradictions, but rather merely lack of substantiation. (Doc No. 18 at 4.) This argument is unpersuasive.

The ALJ correctly pointed to contradictions between Plaintiff's claims and her testimony, which the Magistrate Judge highlighted in the R&R. For example, Plaintiff claimed that she could not work because she was disabled from debilitating shoulder, wrist, back, and neck pain. (Doc. No. 17 at 23.) The Magistrate Judge, however, noted that "Green, herself, reported that she could walk for 30 minutes." (Id.) Additionally, the ALJ noted that "the claimant's medical records do not document that she consistently reported or sought treatment for her reported neck pain, back pain, bilateral hand/wrist pain, bilateral knee and ankle pain, and right shoulder pain." (R. at 20.) The Magistrate Judge properly agreed with the ALJ that Plaintiff's complaints were "further undermined by the fact that she was able to perform her activities of daily living without any reported obstacle." (Doc. No. 17 at 23 (citing 20 C.F.R. § 416.929(c)(3)(i) (listing daily activities among factors to be considered in evaluating pain).) Plaintiff was able to perform daily activities, such as walking for at least 30 minutes, and failed to document her ailments in her

---

[5] 20 C.F.R. § 416.929(c)(2) states: "[W]e will not reject your statements about the intensity and persistence of your pain . . . solely because the available objective medical evidence does not substantiate your statements."

medical records. (See R. at 20.) These events "undermined her credibility regarding the intensity and persistence of the pain" and any related limiting effects. (Id.)

In addition, Plaintiff claimed that her ailments were so severe that they prevented her from working. (R. at 19.) However, Plaintiff testified that her prescribed treatment for her physical conditions were conservative. (See Doc. No. 17 at 24.) Evidence of conservative treatment contradicts and undermines Plaintiff's claims that her physical ailments were so severe to render her unable to work. Such evidence shows that Plaintiff was not affected enough to seek out additional treatment. Moreover, the ALJ determined that the evidence of record showed that Plaintiff was non-compliant with the treatment she did receive. (R. at 21.) The Magistrate Judge was correct in noting that "Courts in this circuit have consistently held that a complaint's conservative treatment is relevant evidence regarding the credibility of the alleged symptoms." (Doc. No. 17 at 24); Garret v. Comm'r of Soc. Sec., 274 F. App'x. 159, 164 (3d Cir. 2008); Williams v. Astrue, No. 08-4820, 2009 WL 1674764 (E.D. Pa. June 15, 2009); Soto v. Barnhart, No. 04-1588, 2005 WL 1367183, at *2 (E.D. Pa. June 6, 2005).[6]

"As the fact finder, the ALJ may reject in part or in whole, subjective complaints if [he or] she finds them not credible based on other evidence in the record." Jones v. Colvin, No. 13-4831, 2014 WL 2862245, at *9 (E.D. Pa. June 24, 2014) (citations omitted). "[A]lleged symptoms and pain will only be considered to the degree that they are consistent with medical

---

[6] Plaintiff argues that Sykes v. Apfel, 228 F.3d 259, 266, n.9 (3d Cir. 2000) is a more compelling decision to follow. (Doc. No. 18 at 6.) Plaintiff is correct in stating that this case holds that receiving only conservative treatment is an insufficient basis for rejecting complaints of pain. Sykes, 228 F.3d at 266, n.9. However, in Sykes the ALJ found the evidence of pain and symptoms alleged do not reasonably support the intensity and frequency asserted, and the only explanation for this conclusion was the plaintiff had received only conservative treatment. Id. In this case, the ALJ supported his credibility determination with the collective evidence of record, including the medical opinion testimony and medical records. (R. at 21.) Therefore, Plaintiff's reliance on Sykes is misplaced.

16

and other evidence" when there is conflicting credible testimony and objective medical testimony. Perry v. Barnhart, No. 02-1289, 2003 WL 22423199, at *8 (3d Cir. September 26, 2003) (citing 20 C.F.R. §§ 404.1527(c); 416.927(c)).

Here, the ALJ's credibility determination was supported by substantial evidence and is entitled to judicial deference. Plummer, 186 F.3d at 427. The Magistrate Judge was correct in finding the ALJ based his credibility determination on the "contradictions between [Plaintiff's] descriptions of her physical and mental conditions and the other evidence of record." (Doc. No. 17 at 25.) The Court adopts the Magistrate Judge's findings on this point.

> ii. **The Magistrate Judge Was Correct in Finding that the ALJ Could Give Little Weight to the Adult Function Report Submitted by Plaintiff's Brother**

Plaintiff objects to the ALJ's decision to give little weight to the Adult Function Report submitted by Plaintiff's brother, James Harvin. (R. at 273.) Specifically, Plaintiff argues that the credibility determination of the ALJ and the Magistrate Judge's reasoning for adopting it was "conclusory," and did not provide enough explanation. (Doc. No. 18 at 6.) To the contrary, this Court finds that the R&R sufficiently explains its reasons for finding that the ALJ was correct in giving little weight to Harvin's evidence.

In explaining why the Magistrate Judge agreed with the ALJ's decision on Harvin's credibility in the Adult Function Report, the R&R stated:

> Green contends that the ALJ erred by deciding to give only limited weight to the Adult Function Report submitted by her brother, James R. Harvin ("Harvin"). Harvin reported that Green was "not able to focus [and had a] short attention span." R. at 273. He stated that she sometimes needed to be reminded to take her medication. Id. at 275. Harvin further maintained that Green sometimes became confused and overspent and that she could not "focus or keep account of money." Id. at 276-77. He also alleged that her reading had "slowed down" because she could not focus, id. at 277, and described the period for which she could pay attention as "not long," id. at 278. The ALJ chose to give Harvin's report only limited weight because he found it to be inconsistent with the

17

> evidence of record regarding Green's mental capabilities, particularly with the results of Dr. Justice's testing. As discussed <u>supra</u> in Section V(A)[7], the ALJ's finding that Green's mental abilities were not so limited was supported by substantial evidence and is entitled to judicial deference.

(Doc. No. 17 at 25.) As previously discussed in Section VI(A) of this Opinion, the Magistrate Judge was correct in finding that Plaintiff does not meet or equal any of the mental disorder listings and that the ALJ adequately explained his reasoning. Harvin's testimony related directly to Plaintiff's mental abilities. (<u>See</u> R. at 273-80.) The ALJ properly found that Harvin's testimony had little weight because it was "not consistent with the evidence of record, including treating source records and clinical examination findings on a longitudinal basis." (<u>Id.</u> at 23.) Harvin's testimony was essentially just corroborating the claimant's own subjective allegations regarding her symptoms and limitations related to her impairments. (<u>Id.</u> at 22-23.)

Because the Magistrate Judge found substantial evidence in the record to support the ALJ's decision about the mental disorder listings, and Harvin's testimony is essentially a regurgitation of Plaintiff's claims which were not supported by the record, this Objection similarly is without merit. The Court agrees with the Magistrate Judge's conclusions.

### D. The Magistrate Judge Properly Concluded that the ALJ's Hypothetical Question to the Vocational Expert Was Proper

Finally, Plaintiff objects to Magistrate Judge Heffley's decision that ALJ's hypothetical question to the VE adequately described Plaintiff's RFC. (Doc. No. 18 at 6.) The ALJ "stated [to the VE] that she would need the option to sit or stand during her workday, but did not specify how frequently she would need to change positions." (Doc. No. 17 at 25; Doc. No. 13 at 19-20.)

---

[7] Section V(A) of the R&R found that the ALJ's decision and explanation of Plaintiff's inability to meet or equal any of the mental disorder listings was supported by substantial evidence, and therefore afforded judicial deference under <u>Plummer</u>. (<u>See</u> Doc. No. 17 at 5-12; <u>Plummer</u>, 186 F.3d at 427.)

Plaintiff argues that the ALJ's hypothetical question "conflicts with common sense" because "no person can work while in constant motion." (Doc. No. 18 at 6.)

Social Security Ruling 96–9p states "[t]he RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing and the length of time needed to stand." 1996 WL 374185, at *7 (S.S.A. July 2, 1996). The Magistrate Judge notes, however, that "the VE stated that the jobs that she testified [Plaintiff] could perform consistent with [Plaintiff's] RFC included a 'sit/stand at-will option.'" (Doc. No. 17 at 26; R. at 54.)

The Magistrate Judge was correct to find that courts in this Circuit have consistently held that when a VE testifies about jobs that are available to the claimant that include the option to sit or stand at will, this testimony is sufficient to support a finding that the plaintiff is not disabled. (Doc. No. 17 at 26.)[8] The Court agrees with the Magistrate Judge and finds Plaintiff's cases unpersuasive.[9] Because the inclusion of a sit or stand at will limitation is considered a harmless error, the Court adopts the Magistrate Judge's finding that this inclusion was sufficient to support the ALJ's finding that Plaintiff was not disabled. (Doc. No. 17 at 26.) Therefore, this Objection is also without merit.

---

[8] See e.g., Carden v. Colvin, No. 14-3120, 2016 WL 233657, at *5 (E.D. Pa. Jan. 20, 2016) ("a residual functional capacity assessment that permits a claimant to sit or stand 'at will' may not be 'totally compliant with the strictest interpretation of SSR 96–9p but [courts] have generally found the inclusion of such a limitation to be harmless error.'") (quoting Keys v. Colvin, 2015 WL 1275367, at * 12 (M.D. Pa. Mar. 19, 2015)); Barnhart v. Colvin, 2015 WL 778334 (M.D. Pa. Feb. 24, 2015) (finding harmless error when the ALJ included the sit or stand 'at will' as a limitation) (citing to Hodge v. Barnhart, 76 F. App'x. 797, 800 (9th Cir. 2003).

[9] Plaintiff cites two Seventh Circuit cases in support of her argument. Neither Opinion addresses the issue of sitting or standing at will within the context of Social Security Ruling 96–9p. See Dimmet v. Colvin, 816 F.3d 486 (7th Cir. 2016); Alaura v. Colvin, 797 F.3d 503 (7th Cir. 2015). The Opinions that directly deal with this issue within the Third Circuit are more persuasive. See supra n.7.

## V. CONCLUSION

Plaintiff's Objections to the Report and Recommendation filed by Magistrate Judge Heffley will be denied. The Report and Recommendation will be approved and adopted. Judgment will be entered in favor of the Commissioner. An appropriate Order follows.